

EXHIBIT A

IN THE CHANCERY COURT FOR SCOTT COUNTY, TENNESSEE

| | |
|---|---|
| GARY PHILLIPS AND<br>DAPHNE R. PHILLIPS<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY<br><br>Defendant. | Filed 8-30 20 17<br>at 8:30 A.M.<br>Michael Potter<br>Clerk & Master<br><br>Case No. 10,832<br>Jury Demanded |

## COMPLAINT

Come the Plaintiffs, Gary Phillips and Daphne R. Phillips, by and through counsel and for cause of action in this matter against the Defendant, State Farm Fire and Casualty Company ("State Farm"), would state and show unto the Court as follows:

### PARTIES, JURISDICTION & VENUE

1. Gary and Daphne R. Phillips are individual residents of the State of Tennessee and presently maintain their principle residence in Oneida, Scott County, Tennessee.

2. At all times relevant to this Complaint, Plaintiffs were the owners of real property located at 1141 Meadow Creek Road, Oneida, Scott County, Tennessee 37841 (the "Phillips home").

3. The Defendant, State Farm Fire & Casualty Company, is a foreign corporation with offices at One State Farm Plaza, Bloomington, Illinois 61710-0001, that is an insurance company selling insurance coverage in the State of Tennessee and is properly licensed and qualified to do business within the State of Tennessee and may be served through the Tennessee Department of Commerce and Insurance, attention: Service of Process: at 500 James Robertson Parkway, Davey Crocket Tower, Nashville, Tennessee 37243-0565.

3882286.1

4. Venue is proper in this Court since the events in question occurred within Scott County, Tennessee and this Court has proper jurisdiction over the parties and the subject matter of this cause.

**GENERAL ALLEGATIONS**

5. On or about February 20, 2016, the Defendant, State Farm, marketed and sold a policy of insurance to the Plaintiffs insuring the Plaintiffs residence located at 1141 Meadow Creek Road, Oneida, Scott County, Tennessee 37841 against all accidental direct physical loss or damage to the property, including personal property and loss of use thereof. A copy of the Plaintiffs' insurance policy declaration page is attached hereto as Exhibit "A" which is the only section of the policy remaining after the fire loss that was sustained at Plaintiffs residence. Moreover, the Defendant, State Farm, has possession and control of the complete policy of insurance.

6. This cause of action arises out of property damage to the dwelling, personal property and loss of use of the residence suffered by the Plaintiffs when the Plaintiffs' residence sustained a total loss due to fire. Plaintiffs aver that this occurrence has resulted in significant damages to them as set forth herein and the Policy affords coverage for such losses.

7. As a result of the fire sustained on September 5, 2016 the Plaintiffs lost all of their property including both the dwelling and personal property. Due to the total loss sustained the Plaintiffs were required to relocate their residence on a temporary basis until a new residence was reestablished.

8. Pursuant to the terms and provisions of the Policy, Plaintiffs provided notice of the loss to Defendant State Farm and at all times material hereto have complied with all conditions precedent of the subject Policy.

9. Subsequent to the subject loss, Plaintiffs have provided State Farm with the necessary inventory, documentation, and other supporting materials to confirm the total loss of the dwelling, personal property and the extent of the Plaintiffs' loss of use of the premises.

10. In response to the claim presented on behalf of the Plaintiffs, Defendant State Farm after an inordinate amount of delay has paid for the total loss sustained under the Coverage A-Dwelling and reimbursed the Plaintiffs for the loss of use of the residence through the agreed upon date of July, 2017 when the Plaintiffs relocated their residence.

11. In response to the contents claim the Defendant has failed to process the contents claim consistent with the terms and conditions of the Policy and as of this date has failed to reimburse the Plaintiffs for the total loss of their personal property in accordance with the terms and provisions of the policy which extends coverage for personal property in the amount of $366,375.00.

12. In connection with the total loss of their personal property, Plaintiffs presented numerous inventory lists and documentation to support the claim consistent with the terms and provisions of the Policy; however, Defendant State Farm refuses to accept and approve the claim presented on behalf of the Plaintiffs. In response to the claim presented on behalf of the Plaintiffs, State Farm continues to request additional data pertaining to the loss which is not necessary to the adjustment of the claim and in doing so seeks to delay the processing of the claim to the detriment of the Plaintiffs.

13. Defendant has failed to remit payment for the personal property losses incurred by the Plaintiffs including the additional coverage provided pursuant to the terms of the Policy as set forth within the Loss Settlement Provisions – B1 – Limited Replacement Cost Loss Settlement which includes an agreement on the part of the Defendant State Farm to pay market value at the time of loss for antiques, collector's items and other specified personal propery.

14. The Defendant State Farm in addition to their efforts to delay the processing of the claim seeks to apply depreciation in a manner that is unreasonable and inconsistent with the terms of the Policy. Moreover, the Defendant is attempting to impose upon the Plaintiffs multiple deductibles which are not applicable to the loss in question.

15. Despite the demand for benefits due under the Policy, Defendant State Farm has failed to remit payment pursuant to the terms and provisions of the subject Policy as it relates to the total loss of Plaintiffs personal property.

16. State Farm has been notified of the subject loss, the necessary documentation has been presented and the demand for payment has been outstanding in excess of sixty (60) days.

## COUNT I – BREACH OF CONTRACT AS TO STATE FARM

17. Plaintiffs' incorporation by reference paragraphs 1 through 16 of the Complaint as if fully set forth therein.

18. Under the terms and conditions of the Policy of insurance sold to Plaintiffs by Defendant State Farm, Plaintiffs are entitled to the payment of benefits as set forth within Plaintiffs' claim presented to State Farm.

19. Plaintiffs presented a claim under the Policy and have otherwise provided to Defendant State Farm all information necessary to establish their entitlement to the payment of benefits.

20. Notwithstanding the total loss of Plaintiffs' residence, personal property and extended loss of use of the dwelling as a result of the fire loss, Defendant State Farm refuses to make payments to Plaintiff relating to the total loss of personal property as required under the terms of the Policy.

21. The contract of insurance entered into between the Plaintiffs and State Farm imposed upon State Farm and its agents the obligation to deal fairly, reasonably and in good faith

4

3882286.1

with the Plaintiffs. Defendant State Farm has violated these duties and, as a result thereof, Plaintiffs have sustained damages.

22. Defendant State Farm's refusal to pay constitutes a breach of contract for which Plaintiffs are entitled to recover all damages suffered as a result thereof.

## COUNT II – BAD FAITH PENALTY AS TO STATE FARM

23. Plaintiffs incorporate by reference paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Defendant State Farm's refusal to make payments to Plaintiffs for the total loss of their personal property as described herein constitutes a bad-faith denial of Plaintiffs' claim.

25. As a result of Defendant State Farm's bad-faith refusal, Plaintiffs have incurred additional expense, loss and injury, thereby justifying imposition of a twenty-five percent (25%) bad faith penalty as provided by T.C.A. § 56-7-105.

WHEREFORE, Plaintiffs pray as follows:

A. For entry of judgement in favor of Plaintiffs for the total loss of their personal property in the amount of the coverage provided under Coverage B – Personal Property of the Policy of $366,375.00;

B. For an award of a bad-faith penalty as provided by T.C.A. § 56-7-105;

C. For an award of pre-judgment interest;

D. For an award of all costs and expenses incurred together with any and all taxable costs;

E. For such further and additional relief to which the Court may determine Plaintiffs are entitled; and

F. For a jury to be impaneled to try the issues is this case.

5

3882286.1

Respectfully submitted this 30th day of August, 2017.

WOOLF, McCLANE, BRIGHT,
ALLEN & CARPENTER, PLLC

By: _____
Luis C. Bustamante (BPR No. 015328)
Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000

*Attorneys for Plaintiffs*

6

3882286.1

## COST BOND

We acknowledge ourselves as surety for all costs and taxes in this case in accordance with Tenn. Code Ann. § 20-12-120.

PRINCIPAL:

By: *[signature]*
Gary Phillips

By: *[signature]*
Daphne R. Phillips

SURETY:

WOOLF, McCLANE, BRIGHT,
ALLEN & CARPENTER, PLLC

By: *[signature]*
Luis C. Bustamante, (BPR NO. 015328)

Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000

7

3882286.1

500 Memorial Boulevard
Murfreesboro, TN 37131-0001

**Named Insured**

AT2   11-11-1388-FAAE   H F
501397 0046
PHILLIPS, GARY & DAPHNE R
PO BOX 4534
ONEIDA TN 37841-4534

| Policy Number | 42-BF-X622-1 |
|---|---|

| Policy Period | Effective Date |
|---|---|
| 12 Months | FEB 20 2016 |

The policy period begins and ends standard time at the residence pre

## HOMEOWNERS POLICY

**Automatic Renewal** - If the **policy period** is shown as **12 months**, this policy will be renewed automatica premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will g Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Location of Residence Premises
1141 MEADOW CREEK DR
ONEIDA TN 37841-6821

**Coverages & Property** | **Limits of Liability** | **Inflation Coverage Index: 212.5**
--- | --- | ---
SECTION I | | **Deductibles - Section I**
A Dwelling | $ 488,500 | All Losses 1/2%   $
  Dwelling Extension up to | $ 48,850 |
B Personal Property | $ 366,375 |
C Loss of Use | Actual Loss Sustained |
SECTION II | |
L Personal Liability (Each Occurrence) | $ 500,000 | In case of loss under this policy, the deduc
  Damage to Property of Others | $ 500 | per occurrence and will be deducted from t loss. Other deductibles may apply - refer to
M Medical Payments to Others (Each Person) | $ 5,000 |

**Loss Settlement Provision (See Policy)**
A1 Replacement Cost - Similar Construction
B1 Limited Replacement Cost - Coverage B

Forms, Options, & Endorsements
Homeowners Policy            FP-7955.KT
Homeowners Policy Endorsement  FE-3530
Back-Up Dwell/Listed Property  FE-5706.4
Amendatory Endorsement         FE-2340
Jewelry and Furs $2,500 Each   Option JF
  Article/$5,000 Aggregate
Silverware Theft $ 5,000       Option SG
Ordinance/Law 10%/$ 48,850     Option OL

**Policy Premium**
Discounts Applied:
  Home Alert
  Claim Record
  Sprinkler

——————— Other limits and exclusions may apply - refer to your policy ———————

Your policy consists of this page, any endorsements and the policy form. Please keep these together.

FP-7001.6C

4994  251  I

ROGER R BALDWIN
423-569-4363

